**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NO.

ANNETTE HAMILTON,

Plaintiff,

v.

CAPITAL ACCOUNTS, LLC and
EQUIFAX INFORMATION SERVICES, LLC,

Defendants.
_________________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

## NATURE OF ACTION

1. This is an action brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

## PARTIES

4. Plaintiff Annette Hamilton ("Plaintiff") is a natural person who at all relevant times resided in the State of Florida, County of Palm Beach, and City of Lake Worth.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c), 15 U.S.C. § 1692a(3), and Fla. Stat. § 559.55(2).

6. Defendant Equifax Information Services, LLC ("Equifax") is a for profit foreign corporation authorized to do business in the State of Florida, and is engaged in the business of assembling or evaluating consumer credit information or other information regarding consumers for the purpose of reporting or furnishing consumer reports to third parties.

7. Equifax uses a means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

8. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

9. Defendant Capital Accounts, LLC ("Capital") is a for-profit Tennessee limited liability company.

10. The principal purpose of Capital's business is the collection of debts, and/or Capital regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11. Capital uses a means or facility of interstate commerce for the purpose of furnishing information to consumer reporting agencies.

12. Capital is a "person" as defined by 15 U.S.C. § 1681a(b).

13. Capital uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

14. Capital is a "debt collector" as defined by U.S.C. § 1692a(6).

15. Capital is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by Fla. Stat. § 559.55(1).

## FACTUAL ALLEGATIONS

16. Plaintiff incorporates herein by reference paragraphs 1 through 15 of this complaint as if restated in their entirety.

17. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Capital.

18. Plaintiff's obligation, or alleged obligation, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, personal dental services (the "Debt").

19. On June 7, 2004 and September 27, 2004, Plaintiff's dependent incurred dental services.

20. At the time of the dental services, Plaintiff was fully covered by Delta Dental Insurance ("Delta").

21. In connection with the collection of the Debt, Capital began contacting Plaintiff in or about August 2010.

22. In or about August 2000, Plaintiff contacted Delta and inquired as to why Capital was attempting to collect the Debt from Plaintiff.

23. In response to Plaintiff's inquiry, Delta sent Plaintiff written communication dated September 7, 2010, stating that the claim by Plaintiff's dentist was not submitted in a timely manner and was denied. (See September 7, 2010 Correspondence, attached as Exhibit A).

24. Further, Delta provided Plaintiff with Delta's Combined Evidence of Coverage and Disclosure Form, that stated, in relevant part:

> Delta may deny payment of any Attending Dentist's Statement for services submitted more than 12 months after the date the services were provided. **If a claim is denied due to a Delta Dentist's failure to make a timely submission, you shall not be liable to that dentist for the amount which would have been payable by Delta**.

(See Coverage and Disclosure Form, attached as Exhibit B) (emphasis added).

25. In connection with the collection of the Debt, Capital's agent and/or employee "Craig Smith," called Plaintiff on March 26, 2013.

26. During the conversation that ensued, Plaintiff disputed the Debt representing that Plaintiff was not liable for the original creditor's failure to timely submit the claim.

27. On April 1, 2013, Capital's agent and/or employee "Craig Smith," again placed a call to Plaintiff in an attempt to collect the Debt.

28. During the above-referenced telephone calls, Capital falsely represented the amount and character of the Debt by attempting to collect from Plaintiff an amount that Plaintiff did not owe.

29. In or about March 2013, Plaintiff discovered negative entries in the amount of $872.00 on her credit report reported by Capital regarding the Debt. (See Equifax Credit Report, attached as Exhibit C).

30. Thereafter, in or about March 2013, Plaintiff did an online dispute of the reporting of the Debt by Capital, and requested that the Debt be removed from her credit report. (See Online Dispute, attached as Exhibit D).

31. In response to Plaintiff's online dispute, in or about March 21, 2013, Equifax verified that the disputed Debt belonged to Plaintiff.

32. By virtue of its conduct as described above, Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff.

33. By virtue of its conduct as described above, Capital failed to fully and properly investigate Plaintiff's dispute of the reporting of inaccurate information about Plaintiff to credit reporting agencies, and by failing to review all relevant information about same, by failing to accurately respond to Equifax.

34. Capital falsely represented the character and amount of Plaintiff's Debt in its report to Equifax.

35. Capital communicated credit information to Equifax that it knew or should have known to be false.

36. Capital claimed, attempted, or threatened to enforce a debt when such person knows that the debt is not legitimate.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1681e(b)
## (EQUIFAX)

37. Plaintiff incorporates herein by reference paragraphs 1 through 36 of this complaint as if restated in their entirety.

38. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff.

39. As a result of Equifax's acts and/or omissions, Plaintiff has suffered damages including, but not limited to: loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional pain and anguish, and the humiliation and embarrassment of credit denials.

40. Equifax's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

41. In the alternative, Equifax was negligent, entitling Plaintiff to recover damages from Equifax pursuant to 15 U.S.C. §1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Equifax violated 15 U.S.C. § 1681e(b);

b) Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) and 15 U.S.C. § 1681o(a);

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a);

d) Awarding Plaintiff punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and

e) Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1681i**
**(EQUIFAX)**

42. Plaintiff incorporates herein by reference paragraphs 1 through 36 of this complaint as if restated in their entirety.

43. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to provide Plaintiff notice in writing within five days after reinserting the Debt upon Plaintiff's credit report, failing to conduct a lawful reinvestigation, and failing to maintain reasonable procedures to filter and verify disputed information in Plaintiff's credit file.

44. As a result of Equifax's acts and/or omissions, Plaintiff has suffered damages including, but not limited to: loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional pain and anguish, and the humiliation and embarrassment of credit denials.

45. Equifax's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

46. In the alternative, Equifax was negligent, entitling Plaintiff to recover damages from Equifax pursuant to 15 U.S.C. §1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Equifax violated 15 U.S.C. § 1681i;

b) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A) and 15 U.S.C. § 1681o(a);

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1681n(a)(3); 15 U.S.C. § 1681o(a);

d) Awarding Plaintiff punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1681s-2(b)
## (CAPITAL)

47. Plaintiff incorporates herein by reference paragraphs 1 through 36 of this complaint as if restated in their entirety.

48. Capital violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of the reporting of inaccurate information about Plaintiff to credit reporting agencies, failing to review all relevant information regarding the same, and by failing to accurately respond to Equifax.

49. As a result of Capital's acts and/or omissions, Plaintiff has suffered damages including, but not limited to: loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional pain and anguish, and the humiliation and embarrassment of credit denials.

50. Capital's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

51. In the alternative, Capital was negligent, entitling Plaintiff to recover damages from Capital pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Capital violated 15 U.S.C. § 1681s-2(b);

b) Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) and 15 U.S.C. § 1681o(a);

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a);

d) Awarding Plaintiff punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and

e) Awarding such other and further relief as the Court may deem just and proper.

**COUNT IV**
**VIOLATION OF 15 U.S.C. § 1692d**
**(CAPITAL)**

52. Plaintiff incorporates herein by reference paragraphs 1 through 36 of this complaint as if restated in their entirety.

53. Capital violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in connection with the collection of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Capital violated 15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00;

c) Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT V**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**
**(CAPITAL)**

54. Plaintiff incorporates herein by reference paragraphs 1 through 36 of this complaint as if restated in their entirety.

55. Capital violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Capital violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00;

c) Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT VI**
**VIOLATION OF 15 U.S.C. § 1692e(8)**
**(CAPITAL)**

56. Plaintiff incorporates herein by reference paragraphs 1 through 36 of this complaint as if restated in their entirety.

57. Capital violated 15 U.S.C. § 1692e(8) by communicating, in connection with an alleged debt in default, credit information that it knew, or should have known, to be false.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Capital violated 15 U.S.C. § 1692e(8);

b) Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00;

c) Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT VII**
**VIOLATION OF 15 U.S.C. § 1692e(10)**
**(CAPITAL)**

58. Plaintiff incorporates herein by reference paragraphs 1 through 36 of this complaint as if restated in their entirety.

59. Capital violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of the Debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Capital violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00;

c) Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT VIII**
**VIOLATION OF FLA. STAT. § 559.72(9)**
**(CAPITAL)**

60. Plaintiff incorporates herein by reference paragraphs 1 through 36 of this complaint as if restated in their entirety.

61. Capital violated Fla. Stat. § 559.72(9) by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

62. As a result of Capital's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff by and through her attorneys, respectfully prays for judgment as follows:

a) All actual compensatory damages suffered;

b) Emotional and/or mental anguish damages;

c) Statutory damages of $1,000.00;

d) Plaintiff's attorneys' fees and costs; and

e) Any other relief deemed appropriate by this Honorable Court.

**TRIAL BY JURY**

63. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 23rd day of August, 2013.

Respectfully submitted,

**ANNETTE HAMILTON**

By:/s/Alex D. Weisberg ____________

ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com